United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Kenneth M. Mitan,
        Debtor.
_____/

Case No. 03-71601-R
Chapter 7

Leonard Duval and Heinz Rode,
        Plaintiffs,

v.

Adv. No. 04-4562

Kenneth M. Mitan,
        Defendant.
_____/

Opinion Granting Plaintiffs' Motion for Summary Judgment

Leonard Duval and Heinz Rode are judgment creditors of Kenneth M. Mitan. Duval and Rode filed suit in the Northern District of Ohio against Mitan and three Michigan shell companies owned and controlled by Mitan, alleging fraud, racketeering and other malicious acts. Mitan filed an answer, but then failed to cooperate with discovery and otherwise delayed the case for over two years. As a sanction for Mitan's delay, the United States District Court for the Northern District of Ohio entered a default judgment for the plaintiffs in the amount of $3,653,627.79 plus interest.

Mitan filed bankruptcy and is seeking to have the judgment discharged. Duval and Rode assert that the debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(2), (4) and (6). Duval and Rode assert that summary judgment is appropriate based on collateral estoppel.

## I.

> Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor.

*United States v. Certain Real Prop.* 800 F. Supp. 547, 549-50 (E.D. Mich. 1992) (citations omitted).

## II.

> The Supreme Court has held that the doctrine of collateral estoppel is applicable in dischargeability proceedings. *Grogan v. Garner*, 498 U.S. 279, 284 n.11, 111 S. Ct. 654, 658, 112 L. Ed.2d 755 (1991). Federal common law governs the claim-preclusive effect of all federal court judgments. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507-8, 121 S. Ct. 1021, 1027-28, 149 L. Ed.2d 32 (2001). The Sixth Circuit has addressed a federal rule of issue preclusion, requiring "that the precise issue in the later proceedings [had] been raised in the prior proceeding, that the issue was actually litigated, and that the determination was necessary to the outcome." *Spilman v. Harley,* 656 F.2d 224, 228 (6th Cir. 1981), *overruled on other grounds*, *Bay Area Factors. v. Calvert* (*In re Calvert*), 105 F.3d 315, 219 (6th Cir. 1997).

*Monsanto Co. v. Trantham* (*In re Trantham*), 304 B.R. 298, 305 (B.A.P. 6th Cir. 2004).

A default judgment may satisfy the "actually litigated" requirement of the federal issue preclusion doctrine. Many courts have found that when a defendant has engaged in contentious and dilatory tactics

2

in the first proceeding, he cannot now "have a second bite of the apple." *Bush v. Balfour Beatty Bahamas. Ltd.* (*In re Bush*), 62 F.3d 1319, 1324 (11th Cir. 1995) (finding that a default judgment, when imposed because of defendant's contemptuous behavior, fulfills the "actually litigated" prong) (citation omitted). *See also FDIC v. Daily* (*In re Daily*), 47 F.3d 365, 368 (9th Cir. 1995).

III.

Duval and Rode argue that under 11 U.S.C. § 523(a)(2), the default judgment is nondischargeable. Section 523(a) of the bankruptcy code provides exceptions to dischargeability for certain debts. In particular, section 523(a)(2) provides:

> (a) A discharge under Section 727, 1141, 1228(a),1228(b) of this title does not discharge an individual debtor from any debt–
> * * *
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by–
>
> > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

11 U.S.C. § 523(a)(2).

In their complaint in the Northern District of Ohio, Duval and Rode asserted that Mitan "engaged in numerous, separate acts of fraud and willful misrepresentation in a scheme to defraud Plaintiffs." (Northern District of Ohio, Complaint Paragraph 34). The district judge held that Mitan was "afforded a full and fair opportunity to litigate the issues present in Plaintiffs' complaint; but failed to do so despite being given two extensions of time to conduct discovery and otherwise prepare a defense." (Northern District

3

of Ohio, Judgment Paragraph 10). The court conducted an evidentiary hearing on damages, and then held Mitan liable for treble damages based upon the RICO statute.

The issue of whether Mitan obtained money or property from Duval and Rode by "fraud and willful misrepresentation" was actually litigated and the district court's finding in the plaintiffs' favor on that issue was necessary to the final judgment. The same issue is present in this § 523(a)(2) nondischargeability action.

IV.

Mitan argues that the motion for summary judgment should be denied for several reasons. First, Mitan takes issue with the service of process in the prior proceeding. Mitan alleges that plaintiffs' attorney altered Mitan's business address so service would be undeliverable. Mitan further alleges that plaintiffs' attorney ignored the address where the complaint had been served as well as Mitan's known residence address, and instead served him at ten different addresses, all of which Mitan contends were insufficient. Moreover, Mitan alleges that the court mistakenly served him at the wrong address, leaving him again without proper notice of the proceedings.

Second, Mitan argues that all of the necessary elements for a collateral estoppel claim have not been met since the district court was misled into believing that Mitan had actually been served.

Third, Mitan argues that he has simply had bad luck with his legal counsel. Mitan contends that his first attorney was forced to withdraw due to injuries sustained in a car accident. Mitan's second attorney allegedly pleaded guilty to an unrelated charge and was sentenced to jail, leaving him once again without an attorney and without knowledge that he no longer had adequate legal representation.

All of these arguments challenge the default judgment. However, this Court has no jurisdiction to review the district court's default judgment. Accordingly, Mitan's arguments must be rejected.

*In re Bush*, 62 F.3d 1319, and *In re Daily*, 47 F.3d 365, are very similar to the present case. In both of those cases, the circuit court affirmed the bankruptcy courts' findings that the debt at issue was nondischargable pursuant to § 523(a) based on collateral estoppel. In both cases, the prior judgment was a default judgment entered as a sanction due to the debtors dilatory tactics.

Therefore, the Court concludes that Mitan obtained money or property by actual fraud or false representation. The plaintiffs' motion for summary judgment is granted. The district court judgment of $3,653,627.79 plus interest is nondischargeable pursuant to § 523(a)(2). The Court need not consider the plaintiffs' assertions that the debt is nondischargeable pursuant to § 523(a)(4) and (a)(6).

An appropriate order will be entered.

```
Entered: September 29, 2005
                                                /s/ Steven W. Rhodes
                                            Steven W. Rhodes
                                            Chief Bankruptcy Judge
```